IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHERYL GIBBS**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-4474-L** |
| | § | |
| **PARR MANAGEMENT, LLC**, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Entry of Default Final Judgment, filed February 28, 2013. After careful consideration of the motion, memorandum of law, record, and applicable authority, the court **grants** Plaintiff's Motion for Entry of Default Final Judgment.

**I.     Background**

On November 8, 2012, Cheryl Gibbs ("Plaintiff" or "Gibbs") filed her Original Complaint for unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). On November 13, 2012, Parr Management, LLC ("Defendant" or "Parr") was served with a summons and a copy of Plaintiff's Amended Complaint, as well as the Original Complaint and other related documents. Defendant has not answered, filed a motion to dismiss, or otherwise responded as required by law.

Plaintiff filed a Motion for Clerk's Default against Defendant on January 13, 2013. On January 14, 2013, the clerk entered a default against Defendant. As of this date, Defendant has not appeared, responded, or requested an extension of time to respond to Plaintiff's Complaint. Plaintiff now requests that a default final judgment be entered in her favor and against Defendant.

**II.     Discussion**

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). The clerk of the court has entered default, and Plaintiff now requests the court to enter a final default judgment against Parr.

Based on the well-pleaded allegations of Plaintiff's Amended Complaint, which the court accepts as true, and the declaration of Gibbs, the court determines that Parr has violated the FLSA by failing to pay Plaintiff overtime wages as required under the statute. In her declaration, Gibbs provides evidence of her hourly rate and the number of hours she worked overtime. Her calculations for the amount of unpaid wages owed her is **$990.34**.

A plaintiff is entitled to an equal amount in liquidated damages if the failure to pay is a willful violation. 29 U.S.C. § 216(b). A district court may not reduce or eliminate liquidated damages unless the employer first carries its burden of establishing that its failure to comply with the FLSA was done in good faith. *Nero v. Industrial Molding Corp.*, 167 F.3d 921, 928 (5th Cir. 1999) (citation omitted). Parr, by failing to answer or otherwise respond to Plaintiff's Complaint, has admitted the well-pleaded allegations and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Accordingly, the court determines that Gibbs is entitled to an equal amount in liquidated damages and that the total amount of damages to which she is entitled is **$1,980.68**.

As the prevailing party, Plaintiff is entitled to attorney's fees under the FLSA, and she seeks to recover her reasonable attorney's fees and costs. As Plaintiff is the prevailing party, the court determines that an award of attorney's fees is appropriate.

**Memorandum Opinion and Order – Page 2**

Plaintiff requests attorney's fees in the amount of $4,647 ($4,305 as attorney's fees and $342 in paralegal fees). The court must determine whether the requested amount is reasonable. The record reflects that Plaintiff's counsel, Mr. Charles L. Scalise, has been licensed by the state of Florida since 1988 and the state of Texas since 2008. His practice primarily consists of handling cases involving employment and labor law, which he has done for the past twelve years. His hourly rate is $350. The court, based on Mr. Scalise's declaration and its experience in setting fees in labor and employment cases, finds that this hourly rate is within the range of the usual and customary rate charged by attorneys in the Dallas legal community with similar ability, competence, experience, and skill as that of Plaintiff's counsel for the services performed in cases of this nature. The court therefore finds that the hourly rate of $350 is reasonable and that the 12.3 hours expended were reasonable and necessary for the successful prosecution of this action. Further, the court finds the hourly rate of $95 per hour for 3.6 hours for paralegal work to be reasonable and that the number of hours were necessarily expended for the prosecution of this case. Finally, the court determines that the $419.40 submitted for costs was reasonably incurred by Plaintiff.

## III.  Conclusion

For the reasons stated herein, the court **grants** Plaintiff's Motion for Entry of Default Final Judgment.[*] Accordingly, Plaintiff is entitled to judgment against Parr in the amount of $1,980.68 as damages, $4,647 as attorney's fees, and $419.40 as costs, for a total amount of **$7,047.08**. Judgment will issue by separate document as required by Federal Rule of Civil Procedure 58.

---

[*] Although Plaintiff did not address whether Defendant is a minor or incompetent person pursuant to Rule 55(b)(2), it is obvious that Defendant, a limited liability company, is neither.

**Memorandum Opinion and Order – Page 3**

**It is so ordered** this 29th day of May, 2013.

_____
Sam A. Lindsay
United States District Judge